IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandra L. Protham-Sweetnam,       )<br>                                                    )<br>                       Plaintiff,       )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>Kilolo Kijakazi, Acting Commissioner of the  )<br>Social Security Administration,[1]           )<br>                                                    )<br>                       Defendant.    )<br>                                                    ) | C/A No. 0:21-1296-PJG<br><br>**ORDER ON PLAINTIFF'S APPEAL FROM THE SOCIAL SECURITY ADMINISTRATION'S DENIAL OF SOCIAL SECURITY BENEFITS**<br><br>☐  Affirmed<br>☒  Reversed and Remanded |

  This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐  Supplemental Security Income ("SSI"):  Plaintiff's age at filing: ___

☒  Disability Insurance Benefits ("DIB"):  Date last insured:  December 31, 2021

☐  Other:

Application date:  February 11, 2016

Plaintiff's Year of Birth:  1960

Plaintiff's alleged onset date:  November 30, 2015

**Part II—Social Security Disability Generally**

  Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

  A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

  [1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  August 14, 2020

Following remand by the Appeals Council, the ALJ applied the requisite five-step sequential process and found as follows:

Step 1:  Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:  ☐ Plaintiff has the following severe impairments:

[H]and impairment, bilateral (osteoarthritis); and lumbar spine disorder (degenerative disc disease) (20 CFR 404.1520(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:  ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:  Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except push and pull hand controls with the bilateral hands no more than frequently; handle with the bilateral upper extremities no more than frequently; climb ramps and stairs no more than frequently and climb ladders, ropes or scaffolds no more than occasionally; stoop, kneel, crouch, and crawl no more than frequently; never be exposed to unprotected heights and hazardous moving mechanical parts; operate a motor vehicle no more than occasionally; and never be exposed to extreme cold or vibration.

☒ Plaintiff could return to his/her past relevant work as a receiving manager and retail store manager.

Step 5:  ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Alternatively, if Plaintiff could not return to his/her past relevant work, there are jobs in the national economy that Plaintiff can perform, as follows:

can filler DOT #922.687-030 (medium/unskilled SVP1) (82,000 jobs in the national economy); patient transporter DOT #355.677-014 (medium/unskilled SVP2) (40,000); and cleaner DOT #381.687-018 (medium/unskilled SVP2) (1,386,000).

Date of Appeals Council decision:  March 22, 2021

### Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

### Part V—Issues for Judicial Review

I.    The ALJ erroneously found the claimant's diabetes to be non-severe.
II.   The ALJ [e]rred in [a]ssessing RFC.
III.  The ALJ erred in assessing the treating sources.

(Pl.'s Br., ECF No. 14.)

### Oral Argument:

☐ **Held on** _____.

☒ **Not necessary for disposition.**

### Summary of Reasons

Plaintiff first challenges the ALJ's evaluation and consideration of her diabetes mellitus. Plaintiff appears to argue that the ALJ cherry-picked the records, erred in finding that her diabetes did not constitute a severe impairment, and erred in failing to further limit Plaintiff's residual functional capacity. The Commissioner disagrees and argues that the ALJ properly considered Plaintiff's allegations concerning her diabetes and a report during a consultative examination that her diabetes was controlled with her current medications. Upon careful examination of the arguments presented, the ALJ's decision, and the record in this matter, the court is constrained to

find that remand is warranted for further consideration of Plaintiff's diabetes and its possible impact on her residual functional capacity assessment.

Step Two of the sequential evaluation requires the ALJ to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden at this step to show that she has a severe impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs." Examples of these include:

(1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
(2)  Capacities for seeing, hearing, and speaking;
(3)  Understanding, carrying out, and remembering simple instructions;
(4)  Use of judgment;
(5)  Responding appropriately to supervision, co-workers and usual work situations; and
(6)  Dealing with changes in a routine work setting.

20 C.F.R. § 404.1522(b). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal quotation marks omitted).

At Step Two, the ALJ found that Plaintiff's hand impairment, bilateral (osteoarthritis); and lumbar spine disorder (degenerative disc disease) were severe impairments, but that Plaintiff's cardiovascular disorder (peripheral arterial disease); endocrine system disorder (diabetes mellitus); and musculoskeletal disorder (groin pain) were nonsevere. (Tr. 20.) As to Plaintiff's diabetes mellitus, the ALJ found that "her diabetes is well controlled with medications (Exhibit 17F)." (Id.) Later in the decision, the ALJ observed that Plaintiff testified that "[s]he has type 1 diabetes and her sugars can drop to the 40's or go up to the 200's. When it gets high, she is in pain." (Tr. 21.)

Although the ALJ ultimately discounted Plaintiff's subjective complaints, he did not indicate why her testimony of pain accompanying her high blood sugars was discounted. Also, the ALJ found that her medically determinable impairments, which would include her diabetes, could reasonably be expected to cause the alleged symptoms. Therefore, without any explanation by the ALJ as to why he discounted this testimony, meaningful review is frustrated. Moreover, Plaintiff has directed the court to numerous instances where Plaintiff's diabetes was not under control, and the ALJ does not appear to have considered these records in evaluating her diabetes. (See Pl.'s Br. at 3-4, ECF No. 14 at 3-4) (citing Tr. 109-10 (first hearing, Plaintiff's testimony that her diabetes causes tingling in her hands and feet and that when her diabetes is not under control it results in headaches and feelings of confusion and she must sit or lie down); Tr. 52-54 (second hearing, Plaintiff's testimony of up and down blood sugar ranges and symptoms from her diabetes including severe pain, headaches, lightheadedness, and dizziness); Tr. 393 (function report indicating issues with her stamina, endurance, concentration, and memory because of her spine and drops in her sugar levels); see also Pl.'s Br. at 4-5, ECF No. 14 at 4-5 (detailing Plaintiff's hemoglobin and glucose levels from January 2013 through February 2020 with record citations)). Although the ALJ stated that he agreed with the opinions of the state agency record reviewers that Plaintiff's diabetes was non-severe, he provided no further explanation for this finding.

The omission of an impairment at Step Two can be harmless if the ALJ finds that benefits should not be denied at Step Two and considers the condition at issue in the subsequent steps. See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."); Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (adopting Report and Recommendation that

included a collection of cases and finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps").  However, in this case, the court cannot find any error to be harmless—the ALJ's brief mention of Plaintiff's allegations is insufficient in light the substantial evidence concerning Plaintiff's diabetes and its resulting limitations pointed out by the Plaintiff, which were not addressed or mentioned by the ALJ.  Thus, it is unclear whether the ALJ adequately considered this evidence in evaluating Plaintiff's claim.  Accordingly, the court cannot find this omission to be harmless and finds that that meaningful review is frustrated.  See, e.g., Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when courts are let to guess at how the ALJ arrived at the conclusion and meaningful review is frustrated); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted).

Therefore, the court is constrained to remand this matter for further consideration of Plaintiff's diabetes.  See Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

In light of the court's decision to remand for further consideration, the court need not address Plaintiff's remaining arguments, as they may be rendered moot on remand.  See Boone v.

Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).  Moreover, if necessary, Plaintiff may present her remaining arguments on remand.

## ORDER

It is hereby ORDERED that the Commissioner's decision is:

☐     **Affirmed.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒     **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐     **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
March 14, 2022                           Paige J. Gossett
Columbia, South Carolina            UNITED STATES MAGISTRATE JUDGE